1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EBONY HAYNES,

11              Plaintiff,              No. CIV S-10-2767 EFB P

12        vs.

13   J. WALKER, et al.,

14              Defendants.             ORDER

15   _____/

16        Ebony Haynes, an inmate confined at California State Prison, Solano, filed this pro se

17   civil rights action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an

18   application to proceed in forma pauperis.  This proceeding was referred to this court by Local

19   Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's

20   consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

21   **I.        Request to Proceed In Forma Pauperis**

22        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

23   Dckt. Nos. 2, 5.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1)

24   and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff

25   to collect and forward the appropriate monthly payments for the filing fee as set forth in 28

26   U.S.C. § 1915(b)(1) and (2).

1

**II.     Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim.  Plaintiff purports to bring claims of deliberate indifference to medical needs in violation of the Eighth Amendment against defendants Shifflett, Nguyen, and Walker.

To state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain.  *See, e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.  A physician need not fail to treat an inmate altogether in order to

violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314

(9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some

treatment is prescribed, may constitute deliberate indifference in a particular case.  *Id.*  However,

it is important to differentiate common law negligence claims of malpractice from claims

predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th

Cir. 2004).   It is well established that mere differences of opinion concerning the appropriate

treatment cannot be the basis of an Eighth Amendment violation.  *Jackson v. McIntosh*, 90 F.3d

330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff alleges that defendant Shifflett mistakenly left a piece of metal in plaintiff's

shoulder when performing surgery on August 27, 2008.  Compl., ¶ 9.  Plaintiff alleges that on

March 18, 2009, defendant Nguyen informed plaintiff that there were no MRI results to show

that there was any metal in plaintiff's shoulder.  *Id.* at ¶ 11.  Plaintiff also alleges that defendant

Walker, a supervisor, denied plaintiff's inmate appeal complaining of pain in his shoulder caused

by the metal that Shifflett allegedly left behind.  *Id.* at ¶ 14.  Walker's decision denying

plaintiff's inmate appeal is attached as an exhibit to the complaint.  *Id.* at 20, 26.[1]  The decision

notes that metal anchors were used to stabilize plaintiff's shoulder, and that various medical

professionals concluded that they did not need to be removed.  *Id.*   The decision also notes that

plaintiff had been prescribed pain medication.  *Id.*

Plaintiff's complaint fails to suggest that any defendant acted with deliberate indifference

to plaintiff's serious medical needs.  Neither a defendant's negligence nor a mere difference in

opinion regarding the appropriate course of treatment will support an Eighth Amendment claim.

---

[1] Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

Additionally, there is no respondeat superior liability under § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  That is, plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 129 S. Ct. at 1948.  A supervisor may be liable "for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (internal quotations omitted).   Thus, to proceed plaintiff must file an amended complaint.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

1    Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

2    P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.

3    "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may

4    join, [] as independent or as alternate claims, as many claims . . . as the party has against an

5    opposing party.'  Thus multiple claims against a single party are fine, but Claim A against

6    Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims

7    against different defendants belong in different suits, not only to prevent the sort of morass [a

8    multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

9    required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits

10   or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. §

11   1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2)

12   (joinder of defendants not permitted unless both commonality and same transaction requirements

13   are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims

14   in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

15    The allegations must be short and plain, simple and direct and describe the relief plaintiff

16   seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

17   *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

18   including many defendants with unexplained, tenuous or implausible connection to the alleged

19   constitutional injury or joining a series of unrelated claims against many defendants very likely

20   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

21   plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

22   these instructions.

23    Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended

24   complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

25   allegations and that for violation of this rule the court may impose sanctions sufficient to deter

26   repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in this action being dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  March 23, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE