1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EBONY HAYNES,

11              Plaintiff,                    No. CIV S-10-2767 EFB P

12        vs.

13   J. WALKER, et al.,

14              Defendants.                   ORDER

15   _____/

16        Plaintiff, a prisoner proceeding pro se, filed this pro se civil rights action under 42 U.S.C.

17   § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

18   § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local

19   Rules, Appx. A, at (k)(4).  After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an

20   amended complaint.

21        Federal courts must engage in a preliminary screening of cases in which prisoners seek

22   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

24   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

25   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

26   relief." *Id.* § 1915A(b).

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than

2    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

3    of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

4    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5    statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

6    Furthermore, a claim upon which the court can grant relief has facial plausibility.

7    *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

8    content that allows the court to draw the reasonable inference that the defendant is liable for the

9    misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

10   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

11   *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

12   the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

13   A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

14   Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

15   statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

16   fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

17   550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

18   The amended complaint does not significantly differ from the original complaint.  It

19   alleges that defendant Walker delayed plaintiff's medical treatment when he failed to examine

20   and treat plaintiff for his shoulder injury.  It alleges that while performing surgery on plaintiff's

21   right shoulder, defendant Shifflett placed a metal anchor in plaintiff's shoulder without

22   plaintiff's consent, and that plaintiff experienced pain as a result.  It also alleges that defendant

23   Nguyen falsely reported that x-rays did not reveal any cause for plaintiff's pain, but that

24   defendant Walker later revealed to plaintiff that a metal anchor had been placed in plaintiff's

25   shoulder.  In dismissing the original complaint with leave to amend pursuant to § 1915A, the

26   court informed plaintiff of the following:

Plaintiff purports to bring claims of deliberate indifference to medical needs in violation of the Eighth Amendment against defendants Shifflett, Nguyen, and Walker.

To state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See, e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff alleges that defendant Shifflett mistakenly left a piece of metal in plaintiff's shoulder when performing surgery on August 27, 2008. Compl., ¶ 9. Plaintiff alleges that on March 18, 2009, defendant Nguyen informed plaintiff that there were no MRI results to show that there was any metal in plaintiff's shoulder. *Id.* at ¶ 11. Plaintiff also alleges that defendant Walker, a supervisor, denied plaintiff's inmate appeal complaining of pain in his shoulder caused by the metal that Shifflett allegedly left behind. *Id.* at ¶ 14. Walker's decision denying plaintiff's inmate appeal is attached as an exhibit to the complaint. *Id.* at 20, 26. The decision notes that metal anchors were used to stabilize plaintiff's shoulder, and that various medical professionals concluded that they did not need to be removed. *Id.* The decision also notes that plaintiff had been prescribed pain medication. *Id.*

1    Plaintiff's complaint fails to suggest that any defendant acted with
2 deliberate indifference to plaintiff's serious medical needs.  Neither a defendant's
negligence nor a mere difference in opinion regarding the appropriate course of
treatment will support an Eighth Amendment claim.  Additionally, there is no
3 respondeat superior liability under § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433,
1437-38 (9th Cir. 1993).  That is, plaintiff may not sue any supervisor on a theory
4 that the supervisor is liable for the acts of his or her subordinates.  *See Polk*
*County v. Dodson*, 454 U.S. 312, 325 (1981).  "Because vicarious liability is
5 inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-
official defendant, through the official's own individual actions, has violated the
6 Constitution."  *Iqbal*, 129 S. Ct. at 1948.  A supervisor may be liable "for
constitutional violations of his subordinates if the supervisor participated in or
7 directed the violations, or knew of the violations and failed to act to prevent
them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may
8 also be held liable if he or she implemented "a policy so deficient that the policy
itself is a repudiation of constitutional rights and is the moving force of the
9 constitutional violation."  *Redman v. County of San Diego*, 942 F.2d 1435, 1446
(9th Cir. 1991) (en banc) (internal quotations omitted).   Thus, to proceed plaintiff
10 must file an amended complaint.

11 Dckt. No. 7 at 3-5 (footnote omitted).

12    Like the original complaint, the amended complaint fails to suggest that any defendant

13 acted with the requisite deliberate indifference.  It alleges that defendant Walker delayed

14 plaintiff's medical treatment for an unknown amount of time.  The amended complaint does not

15 allege why plaintiff needed medical treatment from Walker or whether Walker was aware of this

16 need.  The amended complaint does not show that Walker consciously disregarded any serious

17 risk of harm to plaintiff in allegedly failing to examine or treat plaintiff's shoulder.  Nor does the

18 amended complaint show that either defendant Shifflett or defendant Nguyen were anything

19 worse than negligent with respect to plaintiff's shoulder injury.

20    The court finds that plaintiff has failed to state a cognizable claim for relief, as he fails to

21 state sufficient allegations showing that any of defendants' alleged actions violated plaintiff's

22 federal rights.  Plaintiff has had an opportunity to amend and appears unable to allege a

23 cognizable claim for relief.  Therefore, the court will not grant plaintiff leave to file an amended

24 complaint.  *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should

25 grant leave to amend even if no request to amend the pleading was made, unless it determines

26 that the pleading could not be cured by the allegation of other facts.").

1       Accordingly, IT IS HEREBY ORDERED that:

2       1.  The amended complaint is dismissed due to plaintiff's failure to state a claim upon

3 which relief may be granted; and

4       2.  The Clerk is directed to close this case.

5 Dated:  February 10, 2012.

6

7           EDMUND F. BRENNAN

          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26